IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| In re | § | |
| LEASE OIL ANTITRUST | § | MDL No. 1206 |
| LITIGATION | § | |
| (No. II) | § | |

**ORDER**

On this day came on to be considered the motion of Rick J. Steckler for the Court to re-issue a check previously issued to the Steckler Family Trust on March 8, 2002 (D.E. 1054).[1] Mr. Steckler writes that the check was originally issued to his mother, Wanda Steckler, as Trustee for the Steckler Family Trust, shortly after the funeral of her husband Theodore Steckler. Mr. Steckler indicates that his mother apparently did not "realize what the check was and simply placed it in a file." (D.E. 1054, p. 1). Mr. Steckler apparently discovered the check after his mother passed away. Mr. Steckler now asks the Court to re-issue the check, even though the Court has issued an order stating that distributed checks may no longer be cashed as of February 1, 2008, and all unclaimed settlement funds have already been distributed and/or set aside for specific appeals. (D.E. 981, 1002). For the reasons set forth below, Mr. Steckler's motion to re-issue the March 8, 2002 check is hereby DENIED.

The MDL 1206 In re Lease Oil Antitrust Litigation commenced in 1998, and the Court granted final approval to a series of settlements in 1999. See In re Lease Oil Antitrust Litig. (No. II), 186 F.R.D. 403 (S.D. Tex. 1999). The settlement distribution process was handled by the MDL 1206 Settlement Administrator. The lengthy settlement distribution process has been completed, with over 446,000 checks issued to class members and taxation authorities. On

---

[1] The March 8, 2002 check (Check No. 00268914) was issued to the Steckler Family Trust as part of the settlement of the MDL 1206 litigation.

February 1, 2008, the Court issued an Order stating that all distributed checks may no longer be cashed as of February 1, 2008, "[i]n the interest of closing the lengthy distribution and administration process" in the MDL 1206 litigation. (D.E. 981, p. 3).

As of this date, <u>all unclaimed settlement funds have been distributed per Court Order</u>, with certain amounts set aside for pending appeals. (D.E. 1002).[2] As of February, 2008, there was $9,643,134.80 in the MDL 1206 Settlement Fund. This Settlement Fund was made up of all unclaimed settlement funds in the MDL 1206 litigation, interest, and budgeted but not spent distribution costs. This $9,643,134.80 included $5,057,119.88 set aside for certain specific appeals, and $4,586,014.92 that was immediately available in February, 2008. On February 21, 2008, the Court distributed the $4,586,014.92 in immediately available funds to the University of Texas at Austin, pursuant to the "Neighborhood Air Toxics Modeling Project for Houston and Corpus Christi" proposal submitted by the University. (D.E. 1002, Exh. A). All remaining funds have been specifically set aside for appeals by the State of Texas and Chesapeake Exploration Limited Partnership. (D.E. 1002, pp. 1, 8).[3] **At this time, there are no remaining settlement funds that have not been distributed or specifically set aside for a particular appeal.** (Id.).

The Court notes Mr. Steckler's extenuating circumstances regarding the issuance of the March 8, 2002 check to the Steckler Family Trust. However, Mr. Steckler's motion to re-issue the March 8, 2002 check comes almost a full decade after final settlement approval. The check was issued over six years ago, and should have been cashed long before the Court's February 1,

---

[2] Mr. Steckler's motion states that he was told that "there were still funds in the account" and this is why he asks the Court to re-issue the March 8, 2002 check to the Steckler Family Trust. (D.E. 1054, p. 1). This statement that there "are still funds in the account" is not correct. Rather, as set forth in this Court's February 21, 2008 Order (D.E. 1002), all unclaimed settlement funds have been distributed by this Court or have been set aside for specific appeals by the State of Texas and Chesapeake Exploration Limited Partnership. (Id.). There are no "funds in the account" that have not already been distributed or set aside for a specific appeal. (Id.).

[3] The set-aside funds include a sum set aside for costs related to the Chesapeake and State of Texas appeals.

2008 Order preventing further cashing of distributed checks. At this time, the Court cannot re-issue the March 8, 2002 check as requested by Mr. Steckler, because there are no remaining MDL 1206 settlement funds that could be distributed to the Steckler Family Trust. As noted above, all immediately available unclaimed settlement funds have been distributed to the University of Texas at Austin, and remaining unclaimed settlement funds have been set aside for appeals by the State of Texas and Chesapeake Exploration Limited Partnership. (D.E. 1002, pp. 1, 8). The settlement funds have been fully distributed and/or set aside for specific appeals, and accordingly the Court must DENY Mr. Steckler's motion to re-issue the March 8, 2002 check to the Steckler Family Trust (D.E. 1054).

SIGNED and ORDERED this 25th day of August, 2008.

_____
Janis Graham Jack
United States District Judge